**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22668-CIV-ALTONAGA**

**HUSSAM MOHAMMAD**
**ABUEL-HAWA**,

      Petitioner,

v.

**MARKWAYNE MULLIN**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on Petitioner, Hussam Mohammad Abuel-Hawa's

Emergency Motion[1] for Temporary Restraining Order to Enjoin Out of State Transfer [ECF No.

10], docketed on May 1, 2026.   Petitioner requests an order enjoining Respondents from

transferring him to another facility while his Petition is pending.  (*See generally* Emergency Mot.).

For the following reasons, the Emergency Motion is denied.[2]

Federal law provides "no court shall have jurisdiction to review . . . any decision or action

of the Attorney General . . . the authority for which is specified under this subchapter to be in the

---

[1] Petitioner improperly labels his request an emergency.  Local Rule 7.1(d) of the United States District Court for the Southern District of Florida requires a party filing an emergency motion to certify that the motion "in fact presents a true emergency" and "requires an immediate ruling because the Court would not be able to provide meaningful relief . . . after the expiration of seven days."  S.D. Fla. L.R. 7.1(d)(1) (alteration added).  Petitioner did not so certify.  (*See generally* Mot.).

[2] Petitioner contends he is at risk of being transferred to an out-of-state facility because Respondents "have closed down 'Alcatraz'— referring to Florida Soft-Sided Facility South."  (Mot., Ex. 1, Declaration of Sara J. Saba . . . ("Saba Decl.") [ECF No. 10-1] ¶ 4).  His counsel attaches a declaration explaining she has verified through news reports that closure of the facility is imminent.  (*See id.* ¶ 5).  The article counsel relies on for this statement is dated August 27, 2025 and was last updated August 28, 2025.  (*See generally id.*, Ex. 2, News Article [ECF No. 10-2]).  Considering Petitioner's allegations that he has been detained at Florida Soft-Sided Facility since October 2025, it is difficult to see how this article supports counsel's contention that "closure of this facility is imminent."  (Saba Decl. ¶ 5; *see also id.* ¶ 4).

discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii) (alterations added).  Section 1231(g), within the same subchapter, provides "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." *Id.* § 1231(g) (alteration added).

In short, the Court "lack[s] jurisdiction to enjoin [Respondents] from transferring [Petitioner] to another facility." *Flores-Reyes v. Assistant Field Off. Dir.*, 2026 WL 406708, at *4 (S.D. Fla. Feb. 13, 2026) (alterations added); *see also Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (noting "[a]s other courts in this district and across the country have found, 8 U.S.C. [section] 1252(a)(2)(B) and 8 U.S.C. [section] 1231(g)(1) strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General'" (alterations added; quoting *Guerra-Castro v. Parra*, No. 25-cv-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025))).

Moreover, Petitioner has not demonstrated how the Court's jurisdiction will be affected by his transfer.  (*See generally* Mot.); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Hussam Mohammad Abuel-Hawa's Emergency Motion for Temporary Restraining Order to Enjoin Out of State Transfer [ECF No. 10] is **DENIED**.

CASE NO. 26-22668-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 4th day of May, 2026.

_____

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3